**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-6994

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MELISSA MENDORA HARLESS,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:16-cr-00001-JPJ-PMS-13)

Submitted:  April 30, 2021                                    Decided:  June 7, 2021

Before AGEE, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Melissa Mendora Harless, Appellant Pro Se.  Martha Suzanne Kerney-Quillen, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melissa Mendora Harless appeals the district court's order denying without prejudice her "Motion Requesting Modification of Sentence Pursuant to Compelling Circumstances."\* We have reviewed the record and find no reversible error.

First, the district court correctly concluded that it lacked authority to order Harless' release to home confinement, insofar as she sought relief under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020) ("CARES Act"). *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Second, to the extent Harless fairly challenges the issue on appeal, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we conclude that the district court acted within its discretion in declining to construe Harless' motion as a request for compassionate release under the First Step Act of 2018, Pub. L. No. 115-391 ("First Step Act"), and in denying Harless' motion without prejudice to her ability to bring a compassionate release motion supported by additional, necessary information. *See United States v. Kibble*, 992 F.3d 326, 329-30 (4th Cir. 2021) (describing standard of review and requirements for establishing eligibility for compassionate release). Although Harless attempts to provide such supplemental information on appeal, we decline to consider those new materials. *See* Fed. R. App. P. 10(a); *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). Instead, Harless'

---

\* We conclude that the district court's denial of Harless' motion without prejudice does not deprive us of jurisdiction over this appeal. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610-12 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).

new arguments and evidence in support of compassionate release should be considered, if at all, by the district court in the first instance.

Accordingly, we affirm the district court's order. We deny as moot Harless' motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*